**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-CV-20978-MD**

DELTEC BANK & TRUST LIMITED,

 Plaintiff,

v.

MICHAEL CARBONARA; IBANERA LLC,
and IBANERA PRIVATE LIMITED,

 Defendants.
_____/

**PLAINTIFF'S *EX PARTE* MOTION FOR AN ORDER AUTHORIZING ALTERNATIVE
SERVICE OF PROCESS ON DEFENDANT IBANERA PRIVATE LIMITED
AND SUPPORTING MEMORANDUM OF LAW**

**TABLE OF CONTENTS**

BACKGROUND .................................................................................................................................. 1

IBANERA SINGAPORE ................................................................................................................... 2

ARGUMENT ....................................................................................................................................... 3

    A.    Service by international mail, email and WhatsApp message is reasonably calculated to apprise Ibanera Singapore of this action and provide it with an opportunity to respond. ........................................................................................................ 4

    B.    Service under Rule 4(f)(3) may be effectuated in the first instance, and these methods do not violate any international agreement. ............................................. 6

    C.    The facts and circumstances of this case warrant service of process on Ibanera Singapore by international mail, email and WhatsApp message........................... 8

CONCLUSION AND REQUEST FOR RELIEF........................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases** Page(s)

*Adidas AG v. Individuals, Bus. Entities, & Unincorporated Assocs. Identified on Schedule "A"*,
No. 24-61222-CIV, 2024 WL 4893430 (S.D. Fla. Aug. 19, 2024) ...........................................7

*BP Prods. N. Am., Inc. v. Dagra*,
232 F.R.D. 263 (E.D. Va. 2005) ..............................................................................................6

*Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*,
No. 05-CIV-21962, 2007 WL 1577771 (S.D. Fla. May 31, 2007) ...........................................6

*Chanel, Inc. v. Zhixian*,
No. 10-CV-60585, 2010 WL 1740695 (S.D. Fla. Apr. 29, 2010) ............................................5

*Fru Veg Mktg., Inc. v. Vegfruitworld Corp.*,
896 F. Supp. 2d 1175 (S.D. Fla. 2012) ............................................................................5, 6, 8

*Kipu Sys., LLC v. ZenCharts, LLC*,
No. 17-24733-CIV-WILLIAMS/TORRES, 2018 WL 8264634 (S.D. Fla. Mar. 29, 2018) .................................................................................................................................5

*Louis Vuitton Malletier v. Individuals, Bus. Entities, & Unincorporated Assocs. Identified on Schedule "A"*,
No. 24-CV-23194-RAR, 2024 WL 4487695 (S.D. Fla. Aug. 27, 2024) ..................................7

*Richemont Int'l SA v. Aaareplicawatch.com*,
No. 23-62202-CIV-Smith, 2023 WL 11915379 (S.D. Fla. Dec. 6, 2023) .........................5, 7, 8

*Rio Props., Inc. v. Rio Int'l Interlink*,
284 F.3d 1007 (9th Cir. 2002) .............................................................................................4, 8

*Song v. Defendant "1"*,
No. 6:24-CV-809-JSS-UAM, 2025 WL 359209 (M.D. Fla. Jan. 31, 2025) .........................4, 5

*Tiffany (NJ) LLC v. DORAPANG Franchise Store*,
No. 18-CV-61590-UU, 2018 WL 4828430 (S.D. Fla. July 17, 2018) ......................................5

*Tiffany (NJ) LLC v. Individuals, Bus. Entities, & Unincorporated Assocs. Identified on Schedule "A"*,
No. 24-CV-24178-JB, 2024 WL 5433923 (S.D. Fla. Nov. 8, 2024) .................................4, 5, 7

*TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV*,
268 F.R.D. 687 (S.D. Fla. 2010) ..............................................................................................4

*Tracfone Wireless, Inc. v. Hernandez*,
    126 F. Supp. 3d 1357 (S.D. Fla. 2015) ............................................................................4, 5, 7

*TracFone Wireless, Inc. v. Washington*,
    290 F.R.D. 686 (M.D. Fla. 2013)................................................................................................6

*United States SEC v. MCC Int'l Corp.*,
    No. 2:22-CV-14129-KMM, 2023 WL 2891235 (S.D. Fla. Mar. 8, 2023), *aff'd
    sub nom. SEC v. MCC Int'l Corp.*, No. 22-12281, 2024 WL 1508281 (11th
    Cir. Apr. 8, 2024)........................................................................................................................8

*VPR Brands, LP v. Shenzhen Weiboli Tech. Co.*,
    No. 22-81576-CIV, 2022 WL 22863807 (S.D. Fla. Oct. 27, 2022) ......................................5, 8

## Other Authorities

Fed. R. Civ. P. 4(f)(1) ......................................................................................................................6

Fed. R. Civ. P. 4(f)(2) ......................................................................................................................6

Fed. R. Civ. P. 4(f)(3) ...............................................................................................1, 3, 4, 6, 7, 8, 9

Fed. R. Civ. P. 65(a)(1)....................................................................................................................8

Convention on the Service Abroad of Judicial and Extrajudicial Documents in
    Civil or Commercial Matters ("Hague Convention), art. 1 *et seq.*, *opened for
    signature* Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163........................................................7

In accordance with the Federal Rules of Civil Procedure Rule 4(f)(3), Plaintiff Deltec Bank & Trust Limited ("Plaintiff" or "Deltec") respectfully moves this Court for an order providing for alternate service on Defendant Ibanera Private Limited ("Ibanera Singapore") via by international mail, email and WhatsApp message, and in support thereof states as follows:

## BACKGROUND

Deltec brought this complaint against Michael Carbonara, Ibanera LLC, and Ibanera Singapore (collectively, the "Defendants"), who are in custody of more than $20 million that Defendants are purportedly holding in trust for Deltec. Deltec has filed a motion for a temporary restraining order to freeze those funds and order an immediate accounting of those funds. (See Motion for Temporary Restraining Order filed contemporaneously herewith.)

Plaintiff served its Complaint upon defendants Michael Carbonara and Ibanera LLC (the "US Defendants") on March 12, 2025.[1] (D.E.13-14) Counsel for the US Defendants filed their appearance April 2, 2025. (D.E.12) The third Defendant, Ibanera Singapore, is a Singapore company. Bjorn Snorrason, who lives in Iceland, is a Director of Ibanera Singapore as well as its 100% owner (indirectly, via another Singapore company wholly owned by Mr. Snorrason). (*See* Declaration of A. Moore, Exhibits A and B.)

Plaintiff Deltec seeks an order permitting service of process on Ibanera Singapore pursuant to Federal Rules of Civil Procedure Rule 4(f)(3) by serving its Director (and indirect owner), Bjorn Snorrason, by international mail, email and WhatsApp message and by email to three additional

---

[1] Plaintiff effectuated service on the US Defendants by serving them at the private mailbox they listed with the Florida Secretary of State. (D.E.13-14) Counsel for the US Defendants argued that this was inadequate service because the US Defendants' Florida addresses were readily available. However, counsel then refused to provide those purportedly "readily available" addresses. Notably, the address on the website for the Ibanera LLC headquarters is actually vacant office space.

1

email addresses that Deltec routinely used to correspond with both Ibanera LLC and Ibanera Singapore.

## IBANERA SINGAPORE

Ibanera Singapore is a company registered with Singapore's Accounting and Corporate Regulatory Authority ("SACRA"). The SACRA website lists Ibanera Singapore as a "Live Company" and enables the purchase of a detailed "Business Profile."[2] The official Business Profile maintained by SACRA lists the "Registered Office Address" as follows: 62 UBI ROAD 1, #03-16, OXLEY BIZHUB 2, SINGAPORE 408734. (SACRA Report for Ibanera Singapore, Moore Decl., Ex. A) The Business Profile further lists two "Directors" of Ibanera Singapore:

- Sng Yuet Peng, a Singapore Citizen, with the address 753 PASIR RIS STREET 71, #10-114, SINGAPORE 510753; and

- Bjorn Snorrason, an Icelander, with the address BOGGVISBRAUT 9 620 DALVIK.

(*Id.*)

The sole shareholder of Ibanera Singapore is Snorrason Online Services Pte. Ltd ("Snorrason Online"), which shares the same address as Ibanera Singapore. (Moore Decl., Ex. A.) Bjorn Snorrason is the Chief Executive Officer, Managing Director, Director and sole shareholder of Snorrason Online. (SACRA Report for Snorrason Online, Moore Decl., Ex. B.) Bjorn Snorrason also signed the applicable contract in this action on behalf of Ibanera Singapore. (*See* Verified Am. Compl., Ex. B at p. 28 (motion to file under seal pending).) Mr. Snorrason's address on the SACRA Report for Snorrason Online is the same as his address on the SACRA Report for Ibanera Singapore. (*Compare* Moore Decl., Ex. A with Moore Decl., Ex. B.)

---

[2] *See* SACRA business profiles, https://www.bizfile.gov.sg/buy-info/entity-details/201804993R (last accessed Apr. 30, 2025).

Plaintiff has Bjorn Snorrason's email address (bjorn@ibanera.com) because Plaintiff emailed with Mr. Snorrason during the course of the parties' relationship. (Moore Decl., ¶ 4.) Plaintiff has also found additional email addresses for Mr. Snorrason online and will serve via those addresses as well.³ (Moore Decl., ¶ 5.) Counsel for Plaintiff has sent an email to each of Mr. Snorrason's email addresses and none of the emails "bounced back." (Moore Decl. at ¶ 6 and Ex. C.) Additionally, Plaintiff has Mr. Snorrason's telephone number from prior phone calls and can therefore send him messages via the messaging service WhatsApp. (Moore Decl., ¶ 7.)

Additionally, during the course of Deltec's relationship with Ibanera and during the period when Deltec's funds were held in an Ibanera Singapore account at DBS, Deltec routinely corresponded with Ibanera by sending emails to support@ibanera.com; compliance@ibanera.com and ops@ibanera.com. (Moore Decl., ¶ 8.)

## ARGUMENT

Federal Rules of Civil Procedure Rule 4(f)(3) states:

> **(f) Serving an Individual in a Foreign Country**. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States: . . .
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(3). This District has outlined the three factors to consider when reviewing motions for alternative service under Rule 4(f)(3):

> The Court examines three factors in determining whether to exercise its discretion and permit alternative service of process. First, the Court must be satisfied that the proposed method of service is reasonably calculated, under all the circumstances, to apprise interested

---

[3] (bjorn.snorrason@ibanera.com; bjornsnorrason@gmail.com; bjorn@ibanera.com; bjorn@dalpay.com; bsnorra@internet.is) found at https://contactout.com/Bjorn-Snorrason-21023494; https://rocketreach.co/person?start=1&pageSize=10&link= https:%2F%2Fwww.linkedin.com%2Fin%2Fbsnorra

3

> parties of the pendency of the action and afford them an opportunity to present their objections. Second, the Court must determine if the proposed method of service minimizes offense to foreign law. Third, the Court must determine if the facts and circumstances warrant exercise of its discretion under Fed. R. Civ. P. 4(f).

*Tracfone Wireless, Inc. v. Hernandez*, 126 F. Supp. 3d 1357, 1364 (S.D. Fla. 2015) (cleaned up). Deltec's request to serve Ibanera Singapore by international mail, email and WhatsApp message meets all three factors.

### A. Service by international mail, email and WhatsApp message is reasonably calculated to apprise Ibanera Singapore of this action and provide it with an opportunity to respond.

The "means" of service is authorized at the court's discretion, as "the Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). "In proper circumstances, this broad constitutional principle unshackles the federal courts from anachronistic methods of service and permits them entry into the technological renaissance." *Id.*

Simply put, "Rule 4(f)(3) allows this Court to authorize any particular method of service of its own choosing, so long as the order does not contradict any applicable international agreement." *TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV*, 268 F.R.D. 687, 690 (S.D. Fla. 2010). "[D]istrict courts have allowed for a variety of alternative service methods including service by website posting, NFTs, and social media." *Song v. Defendant "1"*, No. 6:24-CV-809-JSS-UAM, 2025 WL 359209, at *3 (M.D. Fla. Jan. 31, 2025). For over a decade, this District has routinely held that the alternative service methods requested here can be appropriate and provide formal notice to defendants. *See, e.g.*, *See Tiffany (NJ) LLC v. Individuals, Bus. Entities, & Unincorporated Assocs. Identified on Schedule "A"*, No. 24-CV-24178-JB, 2024 WL

4

5433923, at *1 (S.D. Fla. Nov. 8, 2024) (email and web posting appropriate methods of service on defendant in Iceland); *Richemont Int'l SA v. Aaareplicawatch.com*, No. 23-62202-CIV-Smith, 2023 WL 11915379, at *2 (S.D. Fla. Dec. 6, 2023) (same); *Kipu Sys., LLC v. ZenCharts, LLC*, No. 17-24733-CIV-WILLIAMS/TORRES, 2018 WL 8264634, at *2 (S.D. Fla. Mar. 29, 2018) (authorizing service via email where the defendants' email addresses were "known and operational"); *Hernandez*, 126 F. Supp. 3d at 1365 (via email and FedEx); *Fru Veg Mktg., Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012) (via email, US mail, and international courier to defendants' known personal or corporate addresses); *Song*, (via WhatsApp and email); *VPR Brands, LP v. Shenzhen Weiboli Tech. Co.*, No. 22-81576-CIV, 2022 WL 22863807, at *2 (S.D. Fla. Oct. 27, 2022) (via WhatsApp and email).

In this case, service via international mail, email and WhatsApp message is reasonably calculated to apprise Ibanera Singapore of the pendency of the action and afford it an opportunity to respond—and are also the methods of service most likely to actually reach Ibanera Singapore. *See Tiffany (NJ) LLC v. DORAPANG Franchise Store*, No. 18-CV-61590-UU, 2018 WL 4828430, at *3 (S.D. Fla. July 17, 2018) (email the method of service most likely to reach defendant); *Tiffany*, 2024 WL 5433923 at *1 (permitting service on Icelandic resident via email); *Chanel, Inc. v. Zhixian*, No. 10-CV-60585, 2010 WL 1740695, at *3 (S.D. Fla. Apr. 29, 2010) (finding "that the e-mails that did not bounce back presumptively reached Defendant.").

Deltec has Mr. Snorrasson's email address because it sent him messages during the course of the parties' business relationship. Further, none of the emails sent to additional addresses found for Mr. Snorrasson bounced back. *Chanel,* 2010 WL 1740695 at *3. Finally, Deltec has additional Ibanera email addresses that it routinely used to communicate with both Ibanera Singapore and Ibanera LLC, and will serve those addresses as well.

5

### B. Service under Rule 4(f)(3) may be effectuated in the first instance, and these methods do not violate any international agreement.

There is no prerequisite for a plaintiff to try other service methods prior to requesting an order for alternate service pursuant to Rule 4(f)(3). "Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing." *Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *1-2 (S.D. Fla. May 31, 2007) (citing *Rio*, 284 F.3d at 1015). Service under Rule 4(f)(3) is just "as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)." *TracFone Wireless, Inc. v. Washington*, 290 F.R.D. 686, 687–88 (M.D. Fla. 2013) (citing *Rio*, 284 F.3d at 1015). "Rule 4(f) does not denote any hierarchy or preference of one method of service over another. The only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement." *BP Prods. N. Am., Inc. v. Dagra*, 232 F.R.D. 263, 264 (E.D. Va. 2005) (citing *Rio*, 284 F.3d at 1015). In fact, "[a]s long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Fru Veg Mktg.*, 896 F. Supp. 2d at 1182 (citing *Rio*, 284 F.3d at 1014).

In other words, "[s]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Id.* Here, service via international mail, email and WhatsApp message is the most straightforward way to provide Ibanera Singapore with notice and an opportunity to respond to Deltec's complaint while limiting further damage to Deltec, and other service methods are not required under federal law.

Furthermore, these methods in no way contravene an international agreement. "[T]his district has confirmed that a proposed alternative method of service of process is not offensive to the

6

forum's law if such method is not 'expressly prohibited' by the forum's law. *Hernandez*, 126 F. Supp. 3d at 1365 (citing *Distelec*, 268 F.R.D. at 690-91). Iceland has not objected to service via international mail under Article 10 of the Hague Convention, nor has it objected to service via WhatsApp message or email, and there are no international agreements that expressly prohibits the methods of service proposed here. *See Tiffany*, 2024 WL 5433923 at *1 (email and web posting appropriate methods of service on defendant in Iceland); *Richemont*, 2023 WL 11915379 at *2 (S.D. Fla. Dec. 6, 2023) (same); *see also* Convention on the Service Abroad of Judicial and Extra-judicial Documents in Civil or Commercial Matters ("Hague Convention") art. 1 *et seq.*, *opened for signature* Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163.[4]  Singapore has declared that it objects to the service of documents in its territories by all of the alternative means of service outlined in Article 10 of the Convention, including the service of process by postal channels. However, Singapore does not expressly prohibit e-mail service or WhatsApp service. Thus, there are no international agreements prohibiting service in Singapore by e-mail or WhatsApp. *See Louis Vuitton Malletier v. Individuals, Bus. Entities, & Unincorporated Assocs. Identified on Schedule "A"*, No. 24-CV-23194-RAR, 2024 WL 4487695, at *2 (S.D. Fla. Aug. 27, 2024) (email service on Singaporean defendant permitted under Rule 4(f)(3); *Adidas AG v. Individuals, Bus. Entities, & Unincorporated Assocs. Identified on Schedule "A"*, No. 24-61222-CIV, 2024 WL 4893430, at *1 (S.D. Fla. Aug. 19, 2024) (same); *see also* Hague Convention.[5]

---

[4] Full text of the Hague Convention available at https://assets.hcch.net/docs/f4520725-8cbd-4c71-b402-5aae1994d14c.pdf  (last visited April 24, 2025); Hague Convention Status Table listing current contracting states, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited April 24, 2025); Iceland's Declaration/Reservation/Notification to the Hague Convention, https://www.hcch.net/en/states/authorities/notifications/?csid=1033&disp=resdn (last visited April 24, 2025);
[5]  *Id.*; Singapore's Declaration/Reservation/Notification to the Hague Convention, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1512&disp=resdn (last visited April 24, 2025).

7

**C. The facts and circumstances of this case warrant service of process on Ibanera Singapore by international mail, email and WhatsApp message.**

Service via alternative method under Rule 4(f)(3) is warranted where failure to permit alternative service will result in delay. *See, e.g.*, *VPR Brands*, 2022 WL 22863807 at *2 (element of urgency weighs in favor of alternate service under Rule 4(f)(3); *Rio,* 284 F.3d at 1015 (urgency supports alternative service "even if other methods of service remain incomplete or unattempted."); *Fru Veg Mktg.*, 896 F. Supp. 2d at 1182-83 (alternative service appropriate to prevent delays in litigation). Additionally, email and WhatsApp are the "most likely means of communication to reach Defendants, who operate via the Internet and rely on electronic communications for the operation of their business." *Richemont*, 2023 WL 11915379 at *2 (authorizing email service on defendant in Iceland).

As set forth in Deltec's motion for a temporary restraining order filed contemporaneously herewith, the Defendants' unlawful withholding of Deltec's funds continues to cause significant, irreversible harm to Deltec. Furthermore, Rule 65(a)(1) precludes the entry of a preliminary injunction absent prior notice to the adverse party, and alternate service under Rule 4(f)(3) would certainly provide this notice.[6] *See VPR Brands*, 2022 WL 22863807 at *2. Thus, failure to permit alternate service will result in undue delay in this litigation, and an order allowing service by international mail, email and WhatsApp message under Rule 4(f)(3) is warranted.

---

[6] Service under Rule 4 is not necessary in order to proceed with the motion for preliminary injunctive relief against Ibanera Singapore. *United States SEC v. MCC Int'l Corp.*, No. 2:22-CV-14129-KMM, 2023 WL 2891235, at *4 (S.D. Fla. Mar. 8, 2023), *aff'd sub nom. SEC v. MCC Int'l Corp.*, No. 22-12281, 2024 WL 1508281 (11th Cir. Apr. 8, 2024) ("In this Circuit, Rule 65 has been interpreted to require that a party have notice of the motion and hearing; perfecting service on a defendant is not a prerequisite to the entry of a preliminary injunction order.").

In short, service under Rule 4(f)(3) via these methods is the most efficient means of providing formal notice to Ibanera LP and allowing this proceeding to continue while limiting the continuing harm to Deltec.

## CONCLUSION AND REQUEST FOR RELIEF

For the reasons set forth above, Plaintiff Deltec Bank & Trust Limited respectfully moves this Court for an order pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure providing for alternative service on Defendant Ibanera Private Limited via by international mail, email and WhatsApp message.

Dated: May 2, 2025.                              Respectfully submitted,

**VENABLE LLP**

 */s/ Joseph B. Isenberg*
Joseph B. Isenberg (Bar No. 1018077)
jbisenberg@venable.com
801 Brickell Avenue, Suite 1500
Miami FL 33131
Telephone:  305-349-2396
Facsimile:  305-349-2310

Desirée Moore
dmoore@venable.com
Abram Moore
amoore@venable.com
227 W Monroe St. #1900
Chicago, IL 60606
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 2, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification to the attorneys of record and is available for viewing and downloading.

 */s/ Joseph B. Isenberg*
Joseph B. Isenberg

9