UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-20978-CIV-DAMIAN

**DELTEC BANK & TRUST LIMITED**,

    Plaintiff,
v.

**MICHAEL CARBONARA**, *et al.*,

    Defendants.
_____/

### ORDER GRANTING PLAINTIFFS' *EX PARTE* MOTION FOR AN ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANT IBANERA PRIVATE LIMITED [ECF NO. 31]

**THIS CAUSE** is before the Court on Plaintiff, Deltec Bank & Trust Limited's, *Ex Parte* Motion for an Order Authorizing Alternate Service of Process on Defendant Ibanera Private Limited, filed May 2, 2025 [ECF No. 31 (the "Motion")].

THE COURT has considered the Motion, the pertinent portions of the record, and the applicable law and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion is granted.

In the Motion, Plaintiff seeks an order authorizing alternative service of process on Ibanerra Private Limited ("Ibanera Singapore"), which is "a company registered with Singapore's Accounting and Corporate Regulatory Authority" with two directors, one of which has an address in Singapore, and the other in Iceland. Mot. at 1-2. Plaintiff avers that "service via international mail, email and WhatsApp message is reasonably calculated to apprise Ibanera Singapore of the pendency of the action and afford it an opportunity to respond—and are also the methods of service most likely to actually reach Ibanera Singapore." Mot. at 9.

Rule 4(h)(2) of the Federal Rules of Civil Procedure describes the various ways in which a plaintiff may serve foreign entities and incorporates the service methods set forth in Rule 4(f). Rule 4(f)(3), in turn, provides that service may be accomplished "by other means not prohibited by international agreement, as the court orders." Notably, alternative methods of service under Rule 4(f)(3) are available without first attempting service by other means. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "So especially in a circumstance where service upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Brookshire Brothers, Ltd. v. Chiquita Brands Int'l, Inc.,* Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)).

Here, the Court finds that alternative service of process under Rule 4(f)(3) is warranted. First, because the Defendant is not a resident of the United States, the Hague Convention does not specifically preclude service via e-mail. Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.,* Case No. 15-cv-20590-FAM, 2015 WL 5320947, at *2 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where, as here, a signatory nation has not expressly

objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, the requested service methods are not prohibited by international agreement.

Second, the Defendant appears to use multiple known and valid forms of electronic contact to conduct its Internet-based business, and Plaintiff has already tested these addresses for the purpose of providing notice of this action to the Defendant. Therefore, service via e-mail and through WhatsApp message is "reasonably calculated, under all circumstances, to apprise [Defendants] of the pendency of the action and afford them an opportunity to present their objections." *See Brookshire Brothers, Ltd.*, 2007 WL 1577771, at *1. To the extent that there is any remaining doubt, Plaintiff also proposes service through international mail.

Thus, this Court will exercise its discretion to allow service on the Defendant through international mail, email, and WhatsApp message.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's *Ex Parte* Motion [**ECF No. 31**] is **GRANTED**.

2. Pursuant to Rule 4(f)(3), Plaintiff is permitted to serve the Summons, Complaint, and all filings and discovery in this matter upon Defendant Ibanera Private Limited in this action via international mail, email, and WhatsApp message.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 6th day of May, 2024.

_____
MELISSA DAMIAN
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of record