UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-20978-CIV-DAMIAN

**DELTEC BANK & TRUST LIMITED**,

    Plaintiff,
v.

**MICHAEL CARBONARA**, *et al.*,

    Defendants.
_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 90] AND DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINIGN ORDER [ECF NO. 39]

**THIS CAUSE** came before the Court on Magistrate Judge Ellen F. D'Angelo's Report and Recommendation, entered on July 9, 2025 [ECF No. 90 (the "Report")], on Plaintiff, Deltec Bank & Trust Limited's, Expedited Motion for a Temporary Restraining Order and Preliminary Injunction Freezing Specific Assets and for an Immediate Accounting and Limited Expedited Discovery, filed on May 6, 2025 [ECF No. 39 (the "Motion")].

THE COURT has reviewed the Report, the Motion, and the pertinent portions of the record (including the parties' memoranda [ECF Nos. 47, 66, and 80]), and is otherwise fully advised.

After carefully considering the briefing, and hearing extensive oral argument on the matter, *see* ECF Nos. 62 and 63, Judge D'Angelo issued the Report, recommending that the Motion be denied. The Report summarizes the relevant background and procedural history, and therefore, the Court will not set out the background in detail here.

In short, Plaintiff is a Bahamian bank, Defendant Ibanera LLC is a money service business, Defendant Carbonara is the Chief Executive Officer of Ibanera LLC, and Defendant Ibanera Private Limited is a major payments institution. *See* ECF No. 1 (the "Complaint"). Plaintiff alleges that on July 18, 2024, Plaintiff entered into a Processing Services Agreement with Ibanera LLC and Ibanera Private Limited (collectively, "Ibanera"), in which Ibanera agreed to "perform cross-border transfers and provide multicurrency payments accounts for [Plaintiff] and its clients." *Id.* Plaintiff further alleges that Ibanera LLC is improperly holding the equivalent of $20,674,066 USD from it pursuant to the Processing Services Agreement and that, despite its repeated requests, Defendants have provided unsupported excuses for their refusal to return its funds. *See generally id.*

Judge D'Angelo found that denial of the Motion is appropriate because (i) Plaintiff has not established a substantial likelihood of success on the merits of its breach of contract, breach of fiduciary duty, conversion, and wrongful set-off claims, (ii) Plaintiff has failed to demonstrate irreparable harm, and (iii) to the extent that the public interest element is considered, it weighs in Defendants' favor. *See generally* Report. Neither party filed objections to the Report, and the time for doing so has expired. *See generally* Docket.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See*

*Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In light of that review, the undersigned agrees with the thorough analysis and well-reasoned recommendations stated in Judge D'Angelo's Report and agrees with Judge D'Angelo's conclusions. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 90]** is **AFFIRMED AND ADOPTED** as follows:

Plaintiff's Expedited Motion for a Temporary Restraining Order and Preliminary Injunction Freezing Specific Assets and for an Immediate Accounting and Limited Expedited Discovery **[ECF No. 39]** is **DENIED**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 17th day of July, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Magistrate Judge Ellen F. D'Angelo
      counsel of record